WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl M Milbrandt,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sunwest Mortgage Corporation, Federal Home Loan Mortgage Corporation, Tiffany & Bosco PA, and Quintairos Prieto Wood & Boyer PA,<br><br>　　　　Defendants. | No. CV-25-00225-PHX-KML<br><br>**ORDER** |

Plaintiff Pearl Milbrandt filed suit against defendants Sunwest Mortgage Corporation, Federal Home Loan Mortgage Corporation (FHLMC), Tiffany & Bosco PA, and Quintairos Prieto Wood & Boyer PA alleging violations of the Uniform Commercial Code (UCC), the False Claims Act (FCA), the United States and Arizona Constitutions, Arizona consumer protection laws, the Racketeering Influenced and Corrupt Organizations (RICO) Act, and acts of "fraud and bad faith." (Doc. 1 at 17–19.) Milbrandt is granted leave to proceed without prepayment of fees but the complaint is dismissed without leave to amend. Milbrandt's request for a temporary restraining order and motion to compel discovery are denied.

**I.　　Background**

This case appears to be related to Milbrandt's previous attempt to stay the foreclosure of her home.[1] *See Milbrandt v. Crosier*, No. 24-cv-01583-KML (D. Ariz.

---

[1] "A court may take judicial notice of matters of public record." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). And a court may do so *sua sponte*.

June 28, 2024). In that previous case, Milbrandt's claims for violations of the UCC, Fair Debt Collections Practices Act, and Truth in Lending Act, were dismissed without leave to amend because she did not allege facts sufficient to state claims for relief. (Doc. 12.)

In the present case, Milbrandt alleges an unnamed defendant "issued a mortgage loan on Plaintiff's property" in August 2022. (Doc. 1 at 16.) Milbrandt appears to be alleging she bought a home by borrowing money from a bank. *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 469 (2019) ("When a person buys a home, he or she usually borrows money from a lending institution, such as a bank."). Milbrandt acknowledges the "bank" credited the loan amount "to an account for [her] use." (Doc. 1 at 16.) But unlike a standard loan arrangement that would require Milbrandt make monthly payments, Milbrandt claims that by entering the contract, her signature "transformed the Loan Contract into a financial instrument" and "created new money that is claimed by the bank." (Doc. 1 at 16.)

Milbrandt alleges she "made payments on the loan" but the conditions of the loan agreement "remain unclear and unsupported by adequate documentation." (Doc. 1 at 12, 16.) It is not clear to what extent Milbrandt made payments to the bank, but based on the eventual foreclosure, Milbrandt likely did not make all payments that were due. Irrespective of her payment history, Milbrandt alleges the bank "created an Asset Loan Contract . . . deposited with the bank by borrower" and "Deceives [the] Public at large by calling this process Mortgage Lending." (Doc. 1 at 16.) Milbrandt does not clarify who initially provided her with the mortgage or to what extent the financial instrument may have changed hands.

Milbrandt alleges she was forced to "file for Chapter 7 bankruptcy in an effort to halt Defendant's foreclosure proceedings." (Doc. 1 at 17.) She does not specify which defendant attempted to foreclose on her home but notes a sheriff served her a "writ of restitution" on behalf of FHLMC and Tiffany & Bosco. (Doc. 1 at 10.)

Milbrandt filed her "Complaint and Request for Injunction" in federal court,

---

*Ratchford v. Watford Specialty Ins. Co.*, 659 F. Supp. 3d 1032, 1038 (D. Ariz. 2023).

claiming violations of the UCC and state and federal laws. (Doc. 1 at 17–19.) As part of this filing, Milbrandt included a "Request for Temporary Restraining Order" to allow her to remain in her home by preventing defendants from continuing their eviction, foreclosure, or any other action "until the resolution of the federal lawsuit." (Doc. 12 at 13.) The same day, Milbrandt also filed a "Motion to Compel Documentation of Corporate Records" seeking certain records from Sunwest and FHLMC regarding her mortgage. (Doc. 3 at 3.)

**II.   Analysis**

### A.   In Forma Pauperis and Dismissal Standard

Milbrandt sought leave to proceed without prepaying fees or costs and the court grants her request. (Doc. 2.) But when an individual proceeds without prepaying fees or costs, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The court also has an independent duty to determine whether it has jurisdiction. *Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits.").

### B.   Res Judicata and Jurisdictional Issues

Milbrandt named Sun West Mortgage Company Incorporated in her previous complaint. (*see* Compl., *Milbrandt v. Crosier*, No. 24-cv-01583-KML (D. Ariz. June 28, 2024)) and now brings claims against Sunwest Mortgage Corporation. (Doc. 1.) To the extent Milbrandt attempts to name the same party, she would be precluded from bringing the same claims. *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014 (9th Cir. 2019)

("Claim preclusion bars a party in successive litigation from pursuing claims that 'were raised or could have been raised in [a] prior action.'"); *see also Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1247 n.6 (9th Cir. 2017) ("The district court may raise res judicata even where it would otherwise have been waived.").

Furthermore, Milbrandt appears to bring this action in order to circumvent the decision of a different court, seeking relief, in part, for "[j]udgement to vacate in the superior court" to "allow the right jurisdiction to hear [her] case and stop the eviction." (Doc. 1 at 4.) It is unclear why Milbrandt believes federal jurisdiction is appropriate here. Her claims appear to be "immaterial and made solely for the purpose of obtaining jurisdiction or . . . wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). And the Supreme Court has explicitly prohibited parties "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" except in the limited circumstances where federal courts are given such jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Such limited circumstances do not exist here and Milbrandt cannot vacate the decision of the state court that resulted in her eviction.

There likely is not jurisdiction over most or all of the claims and the court could stop its analysis there. But out of abundance of caution, the court will also explain why the complaint fails to state a claim under the normal pleading requirements.

**C.     Complaint Does Not Allege Plausible Federal Claims**

Milbrandt claims violations of the UCC, FCA, United States and Arizona Constitutions, Arizona consumer protection laws, RICO, and acts of "fraud and bad faith." (Doc. 1 at 17–19.) Milbrandt has not alleged any facts in her complaint relating to any particular defendants, except that a sheriff served her a "writ of restitution" on behalf of FHLMC and Tiffany & Bosco. (Doc. 1 at 10.) Each of the federal claims identified by Milbrandt require very specific allegations, none of which Milbrandt has made. For example, Milbrandt needed to allege actions by state actors to state plausible constitutional claims. 42 U.S.C. § 1983. Similarly, Milbrandt needed to allege predicate acts to state a

plausible RICO claim. The complaint comes nowhere close to alleging sufficient factual allegations supporting her federal claims. *See Iqbal*, 55 U.S. at 678 ("[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."). Accordingly, all federal claims are dismissed.

### D.     The Court Does not Have Diversity Jurisdiction and Declines to Exercise Supplemental Jurisdiction

Milbrandt also argues the court has diversity jurisdiction over her claims. "[A] federal court may exercise diversity jurisdiction only if there is no plaintiff and no defendant who are citizens of the same State." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) (quotation marks and citation omitted). Here, Milbrandt identifies Tiffany & Bosco as a citizen of Arizona, like her, and accordingly, the parties are not completely diverse and diversity jurisdiction does not exist.

Having dismissed the federal claims, the court must determine whether to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). Milbrandt argues the court has supplemental jurisdiction over related state law claims. (Doc. 1 at 3.) But the court must decide if hearing those state claims "comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness, and comity." *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the remaining disputes are state-law claims between Milbrandt and defendants involving events that occurred in Arizona. The case has not progressed meaningfully in federal court and the factors of economy, convenience, fairness, and comity favor dismissal without prejudice to allow Milbrandt to file in state court.

Accordingly,

**IT IS ORDERED** the Complaint and Request for Injunction (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter a judgment of dismissal without prejudice and close this case.

**IT IS FURTHER ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Compel (Doc. 3) is **DENIED** as moot.

Dated this 4th day of February, 2025.

Honorable Krissa M. Lanham
United States District Judge