**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl M Milbrandt, | No. CV-25-00225-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Sunwest Mortgage Corporation, et al., | |
| Defendants. | |

On February 4, 2025, the court dismissed plaintiff Pearl M. Milbrandt's complaint based on a lack of jurisdiction and in the alternative a failure to allege plausible claims. (Doc. 8.) Judgment was entered the same day. (Doc. 9.) On February 10, 2025, Milbrandt filed an "amended complaint." (Doc. 10.) On February 28, 2025, Milbrandt filed a notice of change of address and a "second amended complaint." (Doc. 11, 12.) Those filings were not accompanied by a request to set aside the judgment, and the court took no action in response to them other than updating Milbrandt's address.

On April 7, 2025, Milbrandt filed a motion to reopen her case. (Doc. 13.) That motion argues Milbrandt did not receive a copy of the court's February 4 order and judgment.[1] (Doc. 13 at 2.) The motion also argues the judgment should be set aside based on "[t]he failure of the Clerk's Office to properly file and notify Plaintiff of the Amended Complaint's status and the Court's silence regarding the fee waiver request." (Doc. 13 at

---

[1] The docket reflects the February 4 order and judgment were mailed to Milbrandt's previous address and not returned. Copies of those documents will be sent to Milbrandt's updated address.

2.)

Milbrandt made two attempts to amend her complaint after final judgment was entered. Once "a final judgment is entered following dismissal of an action, the plaintiff no longer has the right to amend the complaint as a matter of course." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). Instead, a plaintiff hoping to file an amended complaint in a case where judgment has been entered must file a motion to reopen the case before seeking amendment. *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."). Because Milbrandt did not file a request to reopen her case before filing her amended complaints, those filings had no effect, and the court was not required to address them.

As for Milbrandt's request to reopen her case, she is entitled to such relief "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (simplified). Milbrandt does not make a sufficient showing under any of these alternatives. Judgment was entered based on the merits of Milbrandt's complaint, not because of any mistake, surprise, or excusable neglect. Milbrandt does not identify any newly discovered evidence or fraud, nor does she provide any basis to conclude the judgment was void. And Milbrant has not pointed to any extraordinary circumstances that might justify relief.

**IT IS ORDERED** the Motion to Reopen (Doc. 13) is **DENIED**. The Clerk of Court shall mail plaintiff a copy of this order as well as copies of Doc. 8 and Doc. 9.

Dated this 10th day of April, 2025.

Honorable Krissa M. Lanham
United States District Judge